

**U S Bankruptcy Court - Northern District of Illinois**

219 S Dearborn Street
Chicago, IL 60604

KENNETH S. GARDNER, CLERK

**JUDGE MANNING**
**06C 0367**
**MAGISTRATE JUDGE COLE**

Date _____January 23, 2006 J.N._____

FILED
JAN 23 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States District Court
Northern District of Illinois
Chicago, IL 60604

Re: Case Number _____02B09952_____

Case Name _____Plibrico Company et al_____

Bankruptcy Judge _____Squires_____

To Whom It May Concern:

Pursuant to Rule 5011 of the Federal Rules of Bankruptcy Procedure, transmitted herewith is the Motion for Withdrawal of Reference.

Filed By: _____Frances Gecker_____

Previous District Court Judge (when applicable): _____N/A_____

Previous Civil Case Number (when applicable): _____N/A_____

KENNETH S. GARDNER, CLERK

By:
Deputy Clerk   -   _____Katrina Selden_____

cc:   Bankruptcy Judge & Party Who Filed Motion for Withdrawal of Reference

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PLIBRICO COMPANY, *et al.*, | ) | Case No. 02 B 09952 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable John H. Squires |

**JUDGE MANNING**
**06C 0367**
**MAGISTRATE JUDGE COLE**
**JN**
**FILED JAN 2 3 2006**
**MICHAEL W. DOBBINS, CLERK, U.S. DISTRICT COURT**

### JOINT MOTION OF THE PLAN PROPONENTS TO WITHDRAW THE REFERENCE OF THE DEBTORS' BANKRUPTCY CASES, IN PART, TO AID IN THE CONFIRMATION OF THE PLAN OF REORGANIZATION

The Official Committee of Asbestos-Related Claimants of Plibrico Company and Plibrico Sales & Service, Inc. (the "Asbestos Committee"), on its own behalf and on behalf of Karen Goodman, not individually but as Trustee (the "Trustee") for the Chapter 11 estates of Plibrico Company and Plibrico Sales & Service, Inc. ("Plibrico" or the "Debtors"), the Official Committee of Unsecured Trade Creditors (the "Trade Committee") and Dean M. Trafelet, not individually but as the Legal Representative of the Future Claimants (the "Legal Representative") (jointly the "Plan Proponents"), moves this Court pursuant to 28 U.S.C. § 157(d) and 11 U.S.C. §§ 105(a), 524(g), 1129 and 1142, for an order withdrawing the reference of the Debtors' bankruptcy cases, in part, in order to aid in the confirmation and implementation of the Third Amended Joint Plan of Reorganization of the Debtors to be shortly filed by the Plan Proponents (the "Third Amended Plan," or the "Plan").[1] As grounds therefor, the Plan Proponents state and represent:

1. On or about March 13, 2002, the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C 101-1330 (the "Bankruptcy Code") in

---

[1] The Plan Proponents intend to file the Third Amended Plan, containing certain technical amendments to the Second Amended Joint Plan of Reorganization of the Debtors dated August 1, 2005 (the "Second Amended Plan") in advance of the confirmation hearing. Each of the technical amendments is non-material and does not require further solicitation of votes in favor of the Third Amended Plan.

{ PLIBRICO / 003 / 00005055.DOC /}

the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court").

2. Pursuant to Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois, "Pursuant to 28 U.S.C. §157(a), any and all cases under Title 11 U.S.C. and any and all proceedings arising under Title 11 U.S.C. or arising in or related to any case under Title 11 U.S.C. are referred to the bankruptcy judges of this District." Pursuant thereto, the Debtors' cases were automatically referred to the Bankruptcy Court.

3. On or about April 1, 2002, the Bankruptcy Court entered an order authorizing and directing the United States Trustee to appoint a committee of asbestos claimants. Thereafter, on April 5, 2002, the United States Trustee appointed a separate committee of unsecured trade creditors, and on April 15, 2002, the Asbestos Committee was appointed by the United States Trustee. Additionally, on June 6, 2002, the Bankruptcy Court appointed the Legal Representative, a person required by section 524(g)(4)(B)(i) of the Bankruptcy Code, in order to make fully effective and implement, the "Permanent Channeling Injunction" to be issued pursuant to section 524(g) under a chapter 11 plan. Finally, on February 12, 2004, the Bankruptcy Court appointed the Trustee.

4. As stated, on August 1, 2005, the Plan Proponents filed their Second Amended Plan which is presently pending before the Bankruptcy Court.[2]

5. Pursuant to the Third Amended Plan, and upon its effective date, certain assets of the Debtors' estates, including a substantial insurance settlement, equal to approximately $59 million, and the Debtors' remaining insurance claims will be transferred to an "Asbestos Trust," which will assume and administer all of Plibrico's asbestos liabilities.

6. One of the central features of the Plan is the Permanent Channeling Injunction, to be issued pursuant to section 524(g), which will prohibit acts or proceedings against the Asbestos

---

[2] As discussed above, the Second Amended Plan will be superseded by the Third Amended Plan upon its filing.
{ PLIBRICO / 003 / 00005055.DOC /}

Trust and Plibrico, as well as entities advancing financing or otherwise conducting business with these entities. Instead, the Plan and the Permanent Channeling Injunction will channel such claims to be asserted and, to the extent appropriate, satisfied in accordance with the "Trust Distribution Procedures" incorporated into the Plan. The Permanent Channeling Injunction is thus intended to facilitate the Asbestos Trust's assumption of Plibrico's asbestos-related liabilities and to ensure that all claims (present and future) are administered through the Asbestos Trust's administrative and distributive procedures.

7. Few debtors have utilized section 524(g) in connection with plan confirmation. (*See*, Memorandum of Law in Support of this Motion, filed contemporaneously with this Motion, for a broader discussion of this issue.) However, that statute requires that the order granting confirmation and putting the Permanent Channeling Injunction in place be "issued or affirmed" by a district court (§ 524(g)(3)(A))

8. The relief sought herein is necessary to give full and unquestionable effect to, and to ensure the validity and enforceability of, the Permanent Channeling Injunction under section 524(g). Pursuant to section 524(g)(2)(B), the Plan Proponents will satisfy through the Plan all predicates for the issuance of the Permanent Channeling Injunction. This Motion seeks to involve the United States District Court for the Northern District of Illinois (the "District Court") in the Plan's confirmation process so that an effective channeling injunction may be entered, consistent with the statutory directives of section 524(g).

9. Were the reference of this case not withdrawn, the Plan Proponents would anticipate the "issuance" of a confirmation order from the Bankruptcy Court. Moreover, in the absence of an appeal from that order, which the Plan Proponents do not anticipate is likely, there may be no procedural resolution, short of the instant motion, for the confirmation order to be "issued or affirmed" by the District Court, as required by section 524(g)(2)(B).

{ PLIBRICO / 003 / 00005055.DOC /}

10. The Plan Proponents believe that withdrawal of the reference in aid of implementation of the Plan can be accomplished in several ways. Specifically, the Plan Proponents submit that one option would be for the District Court and the Bankruptcy Court to sit jointly (the "Dual Judge Panel") to consider confirmation of the plan and all related matters that may be brought before the Court(s) at the hearing to consider confirmation of the Plan. Another option would be for the Bankruptcy Court to conduct a hearing on the confirmation of the Plan and, thereafter, submit a report and recommendation to the District Court that incorporated the Bankruptcy Court's findings and conclusions for consideration by the District Court. The District Court could then conduct its own hearing to make an informed decision whether to adopt the proposed findings and conclusions in connection with the issuance of an order either granting or denying confirmation of the Plan. Finally, the District Court may withdraw the reference in total and conduct the confirmation hearing on its own.

11. The Plan Proponents respectfully submit that, among the three alternatives suggested above, the conduct of a single confirmation hearing before a Dual Judge Panel would be the most efficient. Further, although the confirmation hearing before Bankruptcy Judge Squires is scheduled to commence on January 30, 2006, Judge Squires has indicated the Bankruptcy Court's willingness to reschedule the hearing on confirmation of the Plan at a time that would permit the participation of the District Court. The Plan Proponents recommend the Dual Judge Panel in the interest of saving time, expense and judicial resources. Also, although the court did not discuss the procedure, the district court and bankruptcy court sat jointly in confirming the plan in *In re Eagle-Pitcher Industries, Inc.*, 203 B.R. 256 (S.D. Ohio 1996).

12. Absent the relief sought herein, there is a significant risk that the Permanent Channeling Injunction, one of the Plan's most fundamental and essential provisions, may not be valid and enforceable as contemplated by Congress. The Plan Proponents believe that approval

of this Motion is in the best interests of Plibrico, and its creditors in helping to ensure a smooth emergence from Chapter 11.

**WHEREFORE**, Plan Proponents the Asbestos Committee, the Chapter 11 Trustee, the Trade Committee and the Legal Representative request that this Court enter an Order withdrawing the reference, in part, to aid in the confirmation of the Plan Proponents' Plan, and grant such other relief that this Court deems necessary, proper and equitable.

Dated: January 19, 2006

Respectfully submitted,

**THE OFFICIAL COMMITTEE OF ASBESTOS-RELATED CLAIMANTS OF PLIBRICO COMPANY AND PLIBRICO SALES & SERVICE, INC.**

By: _/s/ Frances Gecker_

Frances Gecker (ARDC # 6198450)
Joseph D. Frank (ARDC # 6216085)
Michael J. Golde (ARDC # 6185578)
Jeremy Kleinman (ARDC # 6270080)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60610
Phone: (312) 276-1400
Fax: (312) 276-0035

## CERTIFICATE OF SERVICE

Frances Gecker, an attorney, states that on January 19, 2006, a copy of the foregoing Joint Motion of the Plan Proponents to Withdraw the Reference of the Debtors' Bankruptcy Cases, in Part, to Aid in the Confirmation of the Plan of Reorganization was filed electronically. Notice of the filing will be sent to all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's electronic filing system. In addition, a copy was also served this day via electronic mail upon each of the parties listed on the attached Service List.

/s/ *Frances Gecker*

## SERVICE LIST
### *In re Plibrico Company, et al.*
### Case No. 02 B 09952

Stephen G. Wolfe
Office of the U.S. Trustee
227 West Monroe Street
Suite 3350
Chicago, Illinois 60606
Phone: (312) 886-5785
Fax: (312) 886-5794
steve.g.wolfe@usdoj.gov

Karen R. Goodman
Shefsky & Froelich Ltd.
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601
Phone: (312) 527-4000
Fax: (312) 527-5921
kgoodman@shefskylaw.com

Sheldon L. Solow
Laura C. Pieper
Kaye Scholer LLC
Three First National Plaza
70 West Madison Street, Suite 4100
Chicago, Illinois 60602
Phone: (312) 583-2320
Fax: (312) 583-2360
ssolow@kayescholer.com
lpieper@kayescholer.com

Kimberly Robinson
Barack Ferrazzano Kirshbaum
Perlman & Nagelberg LLP
333 West Wacker Drive
Suite 2700
Chicago, Illinois 60606
Phone: (312) 984-3100
Fax: (312) 094-3150
kim.robinson@bfkpn.com

Robert B. Millner
Sonnenschein Nath & Rosenthal LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Phone: (312) 876-8000
Fax: (312) 876-7934
rmillner@sonnenschein.com

Craig T. Goldblatt
Wilmer Cutler Pickering Hale
and Dorr LLP
2445 M Street, N.W.
Washington, D.C. 20037
Phone: (202) 663-6000
Fax: (202) 663-6363
craig.goldblatt@wilmerhale.com

Leonard P. Goldberger
Stevens & Lee, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA 19103
Phone: (215) 751-2864 (direct)
Fax: (610) 371-7376 (direct)
lpg@stevenslee.com

Brian C. Coffey
Cohn Baughman & Martin
333 West Wacker Drive
9th Floor
Chicago, Illinois 60606
Phone: (312) 753-6600
Fax: (312) 753-6601
brian.coffey@mclolaw.com

Joseph G. Blute
Kim V. Marrkand
Mintz Levin Cohn Ferris Glovsky and
Popeo, P.C.
One Financial Center
Boston, MA 02111
Phone: (617) 542-6000
Fax: (617) 542-2241
jblute@mintz.com
kmarrkand@mintz.com

{ PLIBRICO / 003 / 00005055.DOC /}